**ZHI WEI ZHANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 05–2618–ag.**

United States Court of Appeals, Second Circuit.

July 31, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Liu Yu, New York, NY, for Petitioner.

Michael G. Heavican, United States Attorney for the District of Nebraska, Nancy A. Svoboda, Assistant U.S. Attorney, Omaha, NE, for Respondent.

Present JAMES L. OAKES, JON O. NEWMAN and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Zhi Wei Zhang, though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Adam Opaciuch's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

 Substantial evidence supports the adverse credibility finding in this case. The IJ properly relied on inconsistencies between Zhang's airport and credible fear interviews, where he stated that he left China in order to avoid marrying a stranger, and his testimony that he left because of problems with the birth control officials following his wife's forced IUD insertion. Zhang was assisted by a Mandarin interpreter at both interviews, indicated that he understood and was willing to answer the questions, and gave no indication, at either the interviews or the hearing, that he felt coerced at any point. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 180 (2d Cir.2004). Moreover, Zhang never denied making any of the contradictory statements at the interviews, but instead offered an explanation that gave rise to further inconsistencies between his testimony and the letter his parents submitted

in support of his claim. The IJ identified other inconsistencies between Zhang's testimony, asylum application, and parents' letter that were material to his claim, regarding his fine notice, arrest warrant, and reaction to the IUD insertion, and correctly observed that he attempted to change his testimony each time an inconsistency was pointed out. Finally, the IJ reasonably found that Zhang failed even to establish that he was married, when he submitted no statement from his wife or corroboration of the marriage, and when he made the somewhat implausible claim that she had simply disappeared after being taken for the IUD insertion, and that he had made no effort to locate her. Each of these specific examples provided valid support for the adverse credibility finding underlying the denial of asylum and withholding. *See Zhou Yun Zhang*, 386 F.3d at 74. Finally, Zhang's CAT claim is deemed waived, as he failed to raise it in his brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005)

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).